# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT W. JOHNSON,** | : | **No. 3:25-CV-686** |
| | : | |
| **Plaintiff** | : | **(Munley, J.)** |
| | : | |
| **v.** | : | **(Caraballo, M.J.)** |
| | : | |
| **OFFICER DREW NELSON,** | : | |
| | : | |
| **Defendant** | : | |

## <u>REPORT AND RECOMMENDATION</u>

The undersigned respectfully recommends that the Court dismiss and close this action for failure to prosecute. Plaintiff Robert W. Johnson, proceeding pro se, failed to comply with the undersigned's directive to update his address on the docket, and to show cause why this matter should not be dismissed or transferred for improper venue. As failure to maintain an address or means of communication constitutes a willful abandonment of an action, and Johnson has not attempted to update his contact information or otherwise communicate with the Court for over a year, the undersigned concludes that dismissal is warranted.[1]

---

[1] Indeed, venue in the Middle District of Pennsylvania remains unclear and doubtful, as Johnson, who resides in the Western District of New York, brought this

## I.   Background

On April 18, 2025, Johnson filed a complaint initiating this civil rights action against Defendant Officer Drew Nelson. Doc. 1. Although the complaint contains scant details, it advances a claim under Title 42, United States Code, Section 1983, averring that, "[o]n 11/17/2021[,] Drew Nelson discriminated against Robert W. Johnson and falsely arrested Robert W. Johnson due to his race, age, sex, religion, retaliation, creed, education, work history and disabilities and gave no factual supporting reasons." *Id.* at 4. According to the complaint, Johnson resides in Buffalo, New York, and the underlying incident giving rise to this action occurred in Mansfield, Ohio. *Id.* at 2, 4.

In conjunction with his complaint, Johnson sought leave to proceed in forma pauperis. Doc. 2. The Court granted Johnson's request on May 8, 2025, but held service of the complaint in abeyance pending its obligatory screening of the complaint pursuant to Title 28, United States Code, Section 1915(e)(2)(B). Doc. 4. The Clerk of Court

---

action premised on an incident that occurred in the Northen District of Ohio. Doc. 1 at 2, 4. Nothing in the complaint evinces a connection to the Middle District of Pennsylvania that renders this Court a proper venue for this action. Nonetheless, as the undersigned recommends dismissal, further exploration to determine that issue is neither necessary nor efficient.

also sent Johnson a letter, advising him of his responsibility to maintain a current address with the Court. Doc. 3 at 2. On June 2, 2025, however, that letter was returned as undeliverable to Johnson at his listed address of 65 Sidney Street in Buffalo, New York 14211, with no forwarding address available. Doc. 5.

Accordingly, on April 27, 2026, the Court issued an Order directing Johnson to update his address or show cause why this matter should not be dismissed for failure to prosecute, by May 27, 2026. Doc. 6. The Court also directed Johnson to show cause why this matter should not be dismissed or transferred for improper venue. *Id.* Johnson did not respond to the Court's Order of April 27, 2026, within the allotted time. To date, over a year after he last communicated with the Court by commencing this action, Johnson has neither updated his address, filed any documents in this action, nor otherwise indicated his intent to continue litigation.

## II. Discussion

The undersigned recommends that this action be dismissed and closed for Johnson's failure to prosecute, as he failed to update his address and ceased to litigate this lawsuit. Though several courts

recommended or ordered dismissal of similar cases without undertaking the entirety of the six-factor analysis established by *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), *see, e.g., Serrano-Gomez v. Stubbs*, 2016 WL 3457028, at *1–2 (M.D. Pa. 2016); *Aguilar v. Motter*, 2015 WL 5829723, at *2 (M.D. Pa. 2015); *Mickell v. Rock*, No. 13-CV-1429 (M.D. Pa. 2013), Doc. 19 at 3; *Smith v. Black*, 2005 WL 2431097, at *2 (M.D. Pa. 2005), the undersigned, out of abundance of precaution, undertook a *Poulis* analysis, and concludes that this action warrants dismissal and closure.

The Court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute a case or to comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021). This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on

4

the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis*. The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d at 868 (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

Here, Johnson's conduct satisfies nearly all of the *Poulis* factors. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Id.* A pro se litigant's responsibilities include maintenance of a current address on the record:

> a party by whom or on whose behalf an initial paper is offered for filing [without] represent[ation] . . . such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions[,] or papers in the action may be served upon such party.

M.D. Pa. L. R. 83.18. Johnson fell short of that requirement. Since Johnson is proceeding pro se, he "bears all of the responsibility for any failure in the prosecution of his claims." *See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). The first inquiry thus advises dismissal.

The second consideration (prejudice to adversary) becomes applicable if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. And such a scenario becomes relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, . . . failure to litigate would prejudice the defendant,

who[,] without timely responses by [Johnson,] c[an]not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. The second query, too, favors dismissal.

The third factor (dilatoriness) requires the Court to examine this case's history. The factor becomes applicable if, as here, the plaintiff fails to leave a forwarding address, neglects to notify the Court of a current address for an extended period, and failed to communicate with the Court for over a year since commencing this action. *See, e.g., Moyer v. Prime Care, Inc.*, 2019 WL 4302250, at *2 (M.D. Pa. 2019); *Graciano-Suazo*, 2019 WL 1239694, at *2 (M.D. Pa. 2019); *Lofton v. Wetzel*, 2016 WL 6082095, at *2 (M.D. Pa. 2016). This inaction, coupled with the premise that "a party's problematic acts must be evaluated in light of its behavior over the life of the case," *Adams*, 29 F.3d at 875, leads to the conclusion that the third inquiry weighs in favor of dismissal as well. *See id.; see also Smith*, 2005 WL 2431097, at *2 ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Intent may be found in a pro se plaintiff's failure to

update his or her whereabouts, which evinces "willful disregard of the Court's authority," *see Moyer*, 2019 WL 4302250, at *2, and also "leads to an inference that [the plaintiff] has willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. The fourth query thus also advises dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. "[Johnson] is proceeding pro se, and given his refusal or inability to pay the filing fee, there is no evidence to suggest that paying monetary sanctions will remedy [Johnson]'s deficiencies. Therefore, monetary sanctions would not be effective in this case." *See Silbermonn*, 2021 WL 1705228, at *2. Therefore, the fifth inquiry favors dismissal.

Finally, the sixth consideration concerns the meritoriousness of Johnson's claims. "[A] claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Id.* (citing *Poulis*, 747 F.2d at 870). As this case has yet to proceed beyond the screening stage, the undersigned assumes, for this

Report and Recommendation's purposes, that this final inquiry weighs against dismissal.

The overall *Poulis* analysis thus favors dismissal. Accordingly, the undersigned recommends that Johnson's complaint be dismissed, and this action be closed.

## III.  Conclusion

For the reasons set forth above, it is **RECOMMENDED** that:

1.  The complaint (Doc. 1) be **DISMISSED**; and

2.  The Clerk's Office be **DIRECTED** to **TERMINATE** Officer Drew Nelson as the defendant, and **CLOSE** this case.

Johnson is also placed on notice that, pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge,

however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: May 28, 2026              ***s/ Phillip J. Caraballo***
                                 Phillip J. Caraballo
                                 United States Magistrate Judge